# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1053

_____

Carlos Arguello-Rodriguez

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 18, 2017
Filed: November 14, 2017
[Unpublished]

_____

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Carlos Arguello-Rodriguez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ) denying his petition for asylum and withholding of removal. See 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3) (setting forth five grounds for an alien's eligibility for asylum and withholding of removal:

persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion").  Arguello-Rodriguez sought immigration relief based on his membership in the purported particular social group "individuals who have borrowed money in Mexico and are unable to pay off their debts."  The IJ found that Arguello-Rodriguez's application for asylum was untimely because he entered the United States in 2010, and did not file his application until October 2015.  See 8 U.S.C. § 1158(a)(2)(B) (delineating one-year deadline to apply for asylum after alien has arrived in the United States).  Further, the IJ held that none of the statutory exceptions to the one-year deadline applied.  Id. § 1158(a)(2)(D) (excusing one-year deadline if alien can demonstrate changed or extraordinary circumstances).

The IJ also denied Arguello-Rodriguez's request for withholding of removal. The IJ noted that Arguello-Rodriguez had not been threatened in Mexico or the United States based upon his failure to pay his debts, and therefore could not establish past or the likelihood of future persecution.  The IJ also found that Arguello-Rodriguez could not "demonstrate that his life or freedom would be threatened in the country because of membership in a particular social group, race, religion, nationality, or political opinion."[1]  See id. § 1231(b)(3).  Essentially the IJ recognized that while Arguello-Rodriguez might be afraid of the people who loaned him money, this was not a meritorious ground for withholding of removal.

On appeal to the BIA, the BIA agreed with the IJ that Arguello-Rodriguez did not "suffer[] past persecution or that he has a well-founded fear of future persecution on account of a protected ground under the Act."  The BIA further credited the IJ's finding that Arguello-Rodriguez was simply afraid of his creditors. Debt recoupment was the real motivation of the individuals feared by Arguello-Rodriguez, and thus,

---

[1]The IJ also rejected Arguello-Rodriguez's claim pursuant to the Convention Against Torture, but Arguello-Rodriguez did not challenge this ruling on appeal to the BIA or to this court and it is therefore waived. Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

the BIA held that he did not meet his burden of proving that "his membership in a particular social group, or other protected ground under the Act, was or would be a 'central reason' for any persecution." Accordingly, the BIA dismissed Arguello-Rodriguez's appeal. In front of this court, Arguello-Rodriguez argues the BIA impermissibly engaged in fact-finding with its latter finding about one "central reason" for his alleged persecution in Mexico. Arguello-Rodriguez also argues the IJ conflated the past and future persecution analysis.

We have jurisdiction to review this final order of the BIA pursuant to 8 U.S.C. § 1252. We generally review the BIA's decision as the final agency action, but where, as here, the BIA adopts the IJ's opinion while adding some of its own reasoning, we review both decisions. Juarez Chilel v. Holder, 779 F.3d 850, 853 (8th Cir. 2015). We defer to the agency's decision and will uphold the denial of relief if it is supported by substantial evidence unless the alien can demonstrate that the evidence was so compelling that no reasonable fact finder would fail to find in his favor. De Castro-Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013).

Having carefully reviewed the administrative record and considered Arguello-Rodriguez's arguments, we conclude that substantial evidence supports the finding that he failed to show past persecution or a well founded fear of future persecution in Mexico due to one of the statutorily protected grounds. See id. at 380 ("The BIA requires that a particular social group (1) have social visibility; (2) be defined with particularity to avoid indeterminate group membership; and (3) not be defined exclusively by the fact that its members have been targeted for persecution."). And, Arguello-Rodriguez cannot establish that no reasonable fact finder would fail to find in his favor based upon the record in this case. Id. at 379. Arguello-Rodriguez's arguments regarding a stray sentence in the IJ's order do not change this fundamental fact. Nor did the BIA engage in its own fact finding. We accordingly deny the petition for review.

_____

-3-